UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Residential Warranty Co., LLC et al,

    Plaintiff(s),

vs.

Potterhill Homes, LLC et al,

    Defendant(s).

Case No. 1:16-CV-00814

District Judge Timothy S. Black
Magistrate Judge _____

RULE 26(f) REPORT OF PARTIES
(to be filed not later than seven days prior to the preliminary pretrial conference)

1. Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on 10/10/2016,

and was attended by:

William B. Strubbe, Esquire, counsel for plaintiff(s)_____,

Speros John Kokonos, Esquire, counsel for plaintiff(s)_____,

_____, counsel for plaintiff(s)_____,

Bradley M. Gibson, Esquire, counsel for defendant(s)_____,

_____, counsel for defendant(s)_____,

_____, counsel for defendant(s)_____,

_____, counsel for defendant(s)_____,

2. The parties:

___ have provided the pre-discovery disclosures required by Fed. R. Civ. P. 26(a)(1), including a medical package (if applicable).

✓ will exchange such disclosures by 10/24/2016                              .

___ are exempt from disclosure under Fed. R. Civ. P. 26(a)(1)(E).

3. The parties:

✓ unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

___ do not unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

___ unanimously give contingent consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), <u>for trial purposes only</u>, in the event that the assigned District Judge is unavailable on the date set for trial (e.g., because of other trial settings, civil or criminal).

4. Recommended cut-off date for filing of motions directed to the pleadings:

12/01/2016

5. Recommended cut-off date for filing any motion to amend the pleadings and/or to add additional parties: 11/15/2016

6. Recommended discovery plan:

   a. Describe the subjects on which discovery is to be sought and the nature, extent and scope of discovery that each party needs to: (i) make a settlement evaluation, (ii) prepare for case dispositive motions, and (iii) prepare for trial: Parties' respective rights and obligations under the Membership Agreement and Limited Warranty Agreement giving rise to

   Plaintiffs' claims and Plaintiffs' corresponding damages corresponding to

   Plaintiffs' resolution of homeowners' underlying limited warranty claims.

b. What changes should be made, if any, in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the local rules of this Court, including the limitations to 25 interrogatories/requests for admissions and the limitations of 10 depositions, each lasting no more than one day consisting of seven (7) hours?
No changes at this time.

c. Additional recommended limitations on discovery:

None.

d. Recommended date for the disclosure of lay witnesses:

03/01/2017

e. Describe the areas in which expert testimony is expected and indicate whether each expert had been or will be specifically retained within the meaning of Fed. R. Civ. P. 26(a)(2).
One or more experts have and/or will be specially retained to address the cause

of structural failure in a home that Defendants enrolled in the RWC Limited

Warranty Program and the cost to repair the same.

f. Recommended date for the making primary expert designations:

03/01/2017

g. Recommended date for making rebuttal expert designations:

04/01/2017

h. Discovery of Electronically Stored Information: The parties have discussed disclosure, discovery, and preservation of electronically stored information, including the form or forms in which it should be produced.

__✓__ Yes

_____ No

   i. The parties have electronically stored information in the following formats:

Printed documents

   ii. The case presents the following issues relating to disclosure, discovery or preservation of electronically stored information, including the form or forms in which it should be produced:

None.

i. Claims of Privilege or Protection. The parties have discussed issues regarding the protection of information by privilege or the work-product doctrine, including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evid. 502.

__✓__ Yes

_____ No

   i. The case presents the following issues relating to claims of privilege or of protection as trial preparation materials:

None.

    ii. Have the parties agreed on a procedure to assert such claims **AFTER** production?

  \_\_\_\_\_ No

  \_\_\_\_\_ Yes

  __✓__ Yes, and the parties ask that the Court include their agreement in an order.

7. Recommended discovery cut-off date: 05/30/2017

8. Recommended dispositive motion date: 06/30/2017

9. Recommended date for status conference (if any): 03/01/2017

10. Suggestions as to type and timing of efforts at Alternative Dispute Resolution:

    None at this time. The Parties mutually agree to reconsider this issue during or following fact discovery.

11. Recommended date for a final pretrial conference: One month before trial

12. Has a settlement demand been made? Yes    A response? Yes

    Date by which a settlement demand can be made: N/A

    Date by which a response can be made: N/A

13. Other matters pertinent to the scheduling or management of this litigation:

None.

Signatures:

| Attorney(s) for Plaintiff(s): | Attorney(s) for Defendants(s): |
|---|---|
| /s/ William B. Strubbe | /s/ Bradley M. Gibson |
| Ohio Bar # 0014210 | Ohio Bar # 0087109 |
| Trial Attorney for Plaintiffs | Trial Attorney for Defendants |
| | |
| /s/ Speros John Kokonos | |
| Ohio Bar # N/A (admitted pro hac vice) | Ohio Bar # |
| Trial Attorney for Plaintiffs | Trial Attorney for |
| | |
| Ohio Bar # | Ohio Bar # |
| Trial Attorney for | Trial Attorney for |
| | |
| Ohio Bar # | Ohio Bar # |
| Trial Attorney for | Trial Attorney for |
| | |
| Ohio Bar # | Ohio Bar # |
| Trial Attorney for | Trial Attorney for |